*1105 OPINION.
Trammell:
Petitioner claims with respect to all of the taxable years the right under sections 234 (a) (11) of the Revenue Acts of 1924 and 1926, to deduct, in computing net income, certain premium deposits paid in by its members and retained for the pay *1106 ment of losses and expenses. The parties accept the rule of administrative procedure set out in articles 571 of Regulations 64 and 69 and followed by the Bureau of Internal Revenue since 1920, of presuming, in the absence of specific corporate action to the contrary, that losses and expenses have been paid out of earnings and profits other than premium deposits to the extent of such earnings and profits. This presumption we think is especially sound in the present case, where the other earnings and profits consisted largely of rents and interest clearly to be anticipated and their approximate amounts estimated and might reasonably have been considered as contemplated by the standing committee in determining the amount of assessments upon members. Under these facts it is not a strained presumption that the premium deposits exacted from the members were intentional provisions in excess of current requirements.
The pertinent provisions of the Revenue Acts of 1924 and 1926 are identical and as follows:
Sec. 234. (a) In computing the net income of a corporation subject to the tax imposed by section 230 there shall be allowed as deductions:
* * *****
(11) In the case of mutual insurance companies (including inter-insurers and reciprocal underwriters, but not including mutual life or mutual marine insurance companies) requiring their members to make premium deposits to provide for losses and expenses, there shall be allowed, in addition to the deductions allowed in paragraphs (1) to (9), inclusive, unless otherwise allowed, the amount of premium deposits returned to their policyholders and the amount of premium deposits retained for the payment of losses, expenses, and reinsurance reserves.
A comparison of the facts here proven with the statutory provisions shows that the petitioner meets every requirement of the quoted sections, it being (1) a mutual fire insurance company; (2) it required its members to make premium deposits to provide for losses and expenses; (3) the deduction now claimed is not otherwise allowed by statute; and (4) the amount for which the deduction is claimed consists of premium deposits retained for the payment of losses and expenses.
The respondent contends that if the deduction is allowed it will amount to a double deduction in that the losses and expenses incurred during the taxable years have already been allowed as deductions and that another deduction should not be allowed on account of retained premium deposits. But the statute provides that in addition to other deductions, these premium deposits to provide for losses and expenses should be deducted. It seems clear that the statute intended to make provision, not only for a deduction for actual losses and expenses, but also for the retained premiums to provide for other losses anticipated. They are to provide for losses and expenses. We can not say that such premium deposits are not in fact *1107 retained ior the payment of losses and expenses, because the company had other funds out of which it could pay the actually sustained known losses during the year. The record discloses that these quotas or premium deposits were determined according to the best judgment of the standing committee; that they were made in good faith for the purpose of providing for losses and expenses; and that the amounts were retained for such purpose.
The deduction in section 234 (a) (1) on account of such retained premium deposits for the payment of losses and expenses is not allowable if those same losses and expenses are otherwise allowed under other subdivisions of section 234. Only losses and expenses paid or incurred are allowed as deductions. The premium deposits were placed in a reserve and reported in income-tax returns as reserves. They can be retained for payment of losses and expenses anticipated in the future without actually being paid out in the taxable years, and meet, literally, the language of the statute. The statute provides that if they are retained for such purposes they are deductible. We see no reason why they may not be retained during the entire year.
Eespondent raises the question as to difficulties of administration in some future period if and when the deposits retained are availed of for the payment of the losses and expenses of future periods. We are not now, however, faced with that problem, if it in fact should be one in the future. This, however, is-apparently provided for in article 5†1 of Regulations 69. We see no conflict between our views here expressed and the regulations of the Commissioner.
We conclude that the premium deposits under consideration fall within the class provided for in the quoted sections and are subject to deduction in computing taxable income for the years in question.

Judgment will be entered pursuant to Bule 50.